Harry SPEROS, Plaintiff,

v.

Tracey YORK, McCabe Golf Course, and City of Nashville, Defendants.

No. 97 C 0729.

United States District Court,
N.D. Illinois,
Eastern Division.

April 21, 1997.

Jerome A. Depalma, Las Vegas, NV, for Plaintiff.

No Attorneys are on Record for Defendants.

JAMES H. ALESIA, District Judge.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Court's order directing plaintiff to show

---

cause why this matter should not be transferred to the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 1406(a).

## I. BACKGROUND

On September 28, 1995, plaintiff Harry Speros was playing golf at defendant McCabe Golf Course located within the confines of defendant City of Nashville, Tennessee. Speros was struck in the eye by a golf ball hit by defendant Tracey York. Consequently, Speros filed a complaint in this Court premised on negligence and/or intentional conduct. The complaint seeks more than $75,000 in damages. Speros asserted jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332.

Speros is a citizen and a resident of Illinois. All of the defendants are citizens of Tennessee.

On March 13, 1997, the Court questioned whether venue was proper in this Court under 28 U.S.C. § 1391(a). Accordingly, the Court issued an order to Speros to show cause why this matter should not be transferred under 28 U.S.C. § 1406(a).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1391(a), where jurisdiction is founded solely on diversity of citizenship, a civil action may be brought only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same state; or

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

None of the defendants reside in the Northern District of Illinois, thus Speros cannot rely on § 1391(a)(1) to establish venue here. Section 1391(a)(2) provides no basis for establishing venue either—all of the events giving rise to this action occurred on a golf course in Tennessee. Accordingly, it looks like § 1391(a)(3) is Speros' only hope; he must show that the Court has personal jurisdiction over any defendant.

Speros' response to the Court's order to show cause ignores the personal jurisdiction issue; he does not even offer an argument that the Court has personal jurisdiction over any of the defendants. Instead Speros argues that venue is proper in this Court because he—the plaintiff—resides in this district and, under § 1391(a), venue is proper in a judicial district where the plaintiff resides. Apparently, Speros is unaware that § 1391(a) was amended approximately seven years ago. Section 1391(a) no longer allows a plaintiff to establish venue based on his district of residence.

Accordingly, Speros failed to establish venue in this district. Thus, this matter will be transferred under 28 U.S.C. § 1406(a) to the Middle District of Tennessee, Nashville Division—the situs of the injury.

## III. CONCLUSION

Since Speros failed to establish—as ordered—that venue is proper in this district, this matter is transferred to the United States District Court for the Middle District of Tennessee, Nashville Division.